# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# NEW ALBANY DIVISION

| UNITED STATES OF AMERICA, | ) |                                    |
|---------------------------|---|------------------------------------|
|             Plaintiff,    | ) |                                    |
|        v.                 | ) | Case No. 4:13-cr-00003-TWP-MGN     |
| ARTHUR HENDERSON (01),    | ) |                                    |
|             Defendant.    | ) |                                    |

## ENTRY

This matter is before the Court on Defendant Arthur Henderson's, also known as Arthur McPheeters ("Mr. McPheeters"), Motion for Extension of Time to File Notice of Appeal (Dkt. 46). For the following reasons, the Motion is **DENIED**.

## I. BACKGROUND

Mr. McPheeters, while represented by counsel, pleaded guilty and was sentenced to one count of felon in possession of a firearm or ammunition on September 3, 2013. As part of the plea agreement, Mr. McPheeters waived his right to appeal conferred under 18 U.S.C. § 3742, as long as the Court sentenced him within the advisory United States Sentencing Guideline range determined by the Court. He further waived his right to collaterally attack his sentence in an action brought under 18 U.S.C. § 2255, as long as the Court sentenced him within the advisory United States Sentencing Guideline range determined by the Court. Mr. McPheeters was sentenced to 48 months' imprisonment, which fell within the 46-57 month range determined by the Court. After sentencing Mr. McPheeters, the Court informed him:

> [THE COURT:] Mr. McPheeters, you do have a right to appeal your conviction if you believe your guilty plea was somehow unlawful or involuntary or if there's some other fundamental defect in the proceedings that was not waived by your

> guilty plea. You also have a right to appeal your sentence if you believe it is contrary to law.
>
> With few exceptions, any notice of appeal must be filed within 14 days after written judgment is entered in your case. If you cannot afford the filing fee or cannot afford to pay a lawyer to appeal for you, a lawyer will be appointed to represent you in the appeal. If you [ ] intend to appeal, you need to let Mr. Judah know within 14 days. Do you understand your appellate rights, sir?
>
> THE DEFENDANT: Yes.

Dkt. 51 at 50. Judgment was entered against Mr. McPheeters on September 10, 2013.

Mr. McPheeters filed a *pro se* Notice of Appeal on October 9, 2013. Contemporaneously, he filed the instant Motion for Extension of Time to File Notice of Appeal. The Court ordered Mr. McPheeters to provide a factual basis upon which this Court could conclude that excusable neglect or good cause exists to extend the time for filing a notice of appeal. Mr. McPheeters was assigned a public defender by the Court of Appeals, who entered an appearance and complied with the Court's Order on December 18, 2013.

## II. **LEGAL STANDARD**

A notice of appeal must be filed within 14 days after the entry of the judgment or order being appealed. Fed. R. App. P. 4(b)(1)(A)(i). The Court may extend the time to file a notice of appeal if the moving party shows excusable neglect or good cause. Fed. R. App. P. 4(b)(4). "Excusable neglect occurs only in unusual circumstances; counsel's inadvertence or miscalculation are not sufficient reasons to extend time." *United States v. Steele*, 126 F. App'x 752, 753 (7th Cir. 2005). Further, Rule 26(b)(1) adds that a district court lacks power to extend the time for a notice of appeal, except to the extent provided in Rule 4. *United States v. Hirsch,* 207 F.3d 928, 930 (7th Cir.2000)**.**

## III. DISCUSSION

Mr. McPheeters' factual basis asserts that after he was sentenced, his prior attorney did not speak to him about the possibility of filing a notice of appeal. He believed that his prior attorney no longer represented him, and that he was responsible for filing his own notice of appeal. Due to difficulties with the prison mailing system, he was late in filing his notice, which was mailed on October 7, 2013.

Mr. McPheeters was required to file a notice of appeal by September 24, 2013. He was an inmate in the prison system at the time he filed his notice of appeal. Federal Rule of Appellate Procedure 4(c)(1) states that a "notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing." According to Mr. McPheeters, he placed his notice into the prison mailing system on October 7, 2013, 13 days after the last day for filing. Mr. McPheeters argues this amount of time will cause little impact on the Government or Court. However, the Court notes that a criminal defendant has only 14 days to file a notice of appeal and a 13 day extension nearly doubles the amount of time provided in the Rules. Further, the factual basis does not describe the difficulties with the prison system alleged by Mr. McPheeters, such that it warrants finding excusable neglect. The Court was clear at the close of Mr. McPheeters' sentencing that he was to notify his attorney of any intent to appeal and that notice of appeal was due within 14 days of judgment.

In *United States v. Steele*, 126 F. App'x at 753, the Seventh Circuit affirmed the district court's denial of an extension of time where defendant's trial counsel was not originally aware that defendant wished to appeal and defendant sought an extension after the deadline had passed. The Seventh Circuit found it was not an abuse of discretion to find that an extension was not warranted when defendant had been told about the filing deadlines at sentencing. *Id.* Further,

defendant had not told his trial counsel about his wish to appeal. Thus, the Seventh Circuit held, "[i]t appears, then, that there was no ground on which the district court could grant the motion." *Id.* The Court is faced with a similar situation and, therefore, finds no grounds to support an extension of time to file the notice of appeal.

## IV. **CONCLUSION**

Accordingly, Mr. McPheeters' Motion for Extension of Time to File Notice of Appeal (Dkt. 46) is **DENIED**.

**SO ORDERED.**

Date: 01/24/2014

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Johanna M. Christiansen
FEDERAL PUBLIC DEFENDER'S OFFICE
johanna_christiansen@fd.org

Armand I. Judah
LYNCH, COX, GILMAN & GOODMAN, P.S.C.
ajudah@lynchcox.com

Jonathan E. Hawley
Office of the Federal Public Defender
401 Main Street, Suite 1500
Peoria, Illinois 61602

Matthew Rinka
UNITED STATES ATTORNEY'S OFFICE
matthew.rinka@usdoj.gov

Maya R. Warrier
WARRIER LAW PLLC
maya@warrierlaw.com

4